BARFIELD, Judge.
Roland D. Waller, a licensed attorney and mortgage broker, challenges the agen *320 cy’s response to his petition for declaratory statement regarding whether he would be prohibited by Rule 3D-40.008(3)(a)5, Florida Administrative Code, from receiving compensation for the title insurance he writes concerning transactions in which he is involved as a mortgage broker. We reverse the agency’s response because it misinterprets section 494.03(l)(c), and remand for further proceedings consistent with this court’s interpretation of the statute.
Waller’s petition stated that he is on the board of directors of the Lake State Bank in Pasco County, and that while he is not the bank’s general counsel, he does some closings for the bank and issues mortgage title insurance incident to the closings. The petition explained that Lake State Bank, which does not have sufficient personnel to originate residential loans, agreed with Independent Bankers Bank in Orlando, to whom it would sell such loans, that Waller would be permitted to take applications for loans as a mortgage broker and that if the applications were approved by both banks, Lake State Bank would receive V2 percent origination fee and Waller would receive V2 percent mortgage brokerage fee. If Waller closed the loans, he would charge a reasonable attorney fee for document preparation and a premium for issuance of the mortgage title insurance policy.
However, this arrangement depended upon the agency’s declaratory statement regarding whether Waller would be prohibited by Rule 3D-40.008(3)(a)5[1] from receiving “compensation for title insurance he writes concerning transactions in which he is involved as a mortgage broker” and if so, whether he would be prohibited from receiving “compensation for all title insurance he writes when he is not involved in the particular transaction as a mortgage broker.”
The agency’s response included the caveat that it was based solely on information supplied by the petitioner. Contrary to Waller’s proposed interpretation of the rule (as merely prohibiting “kickbacks” to mortgage brokers from the issuers of title insurance policies), the agency found that under the plain meaning of the rule, “it would not be appropriate for Petitioner to receive the one-half percent mortgage brokerage fee and a premium for the issuance of the mortgage title insurance policy,” but that when he was not acting as a mortgage broker, the rule did not prohibit him “from receiving monetary consideration or other benefit for selling mortgage title insurance.”
We find that the agency’s interpretation of rule 3D-40.008(3)(A)5 is rational and should be given deference. Waller’s assertion that application of the rule to him would conflict with chapter 627, part XIII, governing title insurance contracts, is without merit.
Waller argued that section 494.03, Florida Statutes, exempts him from chapter 494, and therefore from the rule. The pertinent part of the statute states (emphasis supplied):
(1) This act does not apply to the following:
[[Image here]]
(c) Any person licensed to practice law in this state, not actively and principally engaged in the business of negotiating loans secured by real property, when such person renders services in the course of his practice as an attorney at law.
The agency found that the exemption of section 494.03(l)(c) does not apply to Waller because he is a licensed mortgage broker, or alternatively, that insufficient facts were presented to determine whether he meets the requirements of the exemption, i.e., that he is not actively and principally engaged in the business of negotiating loans secured by real property.
Waller appealed to this court and filed an initial brief. The agency filed a motion to strike that part of the amended initial brief referring to matters outside the record (i.e., *321 that mortgage brokerage would not become a principal part of Waller’s law practice). Later, the agency filed a motion to remand for further consideration in light of the additional facts alleged in the brief. Jurisdiction was relinquished to the agency to permit Waller to file an amended petition, and the parties were advised that an order disposing of the amended petition would be separately appealable. Waller filed an amended petition stating that his mortgage brokerage activity is merely incident to his law practice and again asserting that section 494.03(l)(c) exempts him from chapter 494 and from the rule.
The agency’s amended response concluded that Waller met the first two requirements for the exemption (i.e., that he is a licensed attorney not “actively and principally” engaged in negotiating mortgage loans). However, the agency found that “the mortgage brokerage service itself is not necessarily a service that must be rendered by an attorney,” so that in order for the brokerage services to be rendered in the course of Waller’s law practice, “it must be established that such brokerage services are also rendered in conjunction with the establishment of an attorney-client relationship” with the borrower. The agency concluded that Waller “is exempt from Chapter 494 pursuant to § 494.-03(l)(c) for any mortgage brokerage transaction wherein there is an established attorney-client relationship with the borrower and Petitioner also renders bona fide services as an attorney at law,” and vacated its earlier response to the original petition.
Waller claims that under section 494.-03(l)(c), his status as an attorney exempts him from chapter 494 when he renders services in the course of his law practice concerning a mortgage brokerage transaction. The agency claims the statute is intended to exempt attorneys in attorney-client relationships because they are fiduciaries. Neither party’s interpretation of the statute is correct, and neither explains why the exemption is conditioned on the fact that the attorney is “not actively and principally engaged in the business of negotiating loans secured by real property.”
Section 494.03(l)(a) exempts from the provisions of the Mortgage Brokerage Act banks and various other entities which are regulated under other statutes and which in the normal course of their business would be involved in mortgage loans, and “securities dealers registered under the provisions of s. 517.12, when dealing with their corporate or individual clients in the normal course of their securities business.” The only rational explanation of section 494.03(l)(c) seems to be that attorneys are also exempted when dealing with their corporate or individual clients in the normal course of their law practice. This explains the requirement that the attorney may not be “actively and principally engaged in the business of negotiating loans secured by real property.” This requirement does not mean, as appellant and the agency seem to believe, that the attorney who qualifies for the exemption acts as a mortgage broker only a small percentage of his time, or that only a small percentage of his compensation comes from his brokerage activities. Nor does it mean, as stated in the agency’s response to the amended petition, that such brokerage services must be rendered in conjunction with the establishment of an attorney-client relationship with the borrower. It means that any activity of the attorney in negotiating loans secured by real property must occur as part of his legal representation of clients, not as a separate “business” on its own.
Appellant specifically stated in his petition that the banks involved have agreed that “since Petitioner is affiliated with the LAKE STATE BANK then he would be permitted to take applications for loans as a mortgage broket’ and would receive a x/2% mortgage brokerage fee if the loan was approved (emphasis supplied). Under the facts alleged in his petition, Waller would be “actively and principally engaged in the business of negotiating loans secured by real property” and therefore would not qualify for the exemption. While it may be possible that Waller could restructure his relationship with the Lake State Bank so as to qualify for the exemption in some situations, he does not qualify *322 for the exemption under the facts alleged, so as to permit him to receive compensation in connection with issuance of a title insurance policy in a transaction in which he was involved as a mortgage broker.
The agency’s order is VACATED and the case is REMANDED for further proceedings in light of this court’s interpretation of the statute, without prejudice to Waller’s right to file an amended petition which the agency may consider in light of any new facts.
ZEHMER and KAHN, JJ., concur.

. The rule states in pertinent part: "A licensee or registrant may not receive or accept any monetary consideration or inducement in connection with the issuance of a title insurance policy in a transaction in which he was involved.”